UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HARALAMPO KASOLAS,**<br><br>Plaintiff,<br><br>v.<br><br>**URBAN TRUST BANK and URBAN TRUST HOLDINGS, INC.,**<br><br>Defendants. | Civil No. 13-3798 (WJM)<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court upon an application for injunctive relief by Plaintiff Haralampo Kasolas[1] by way of an Order to Show Cause seeking Temporary Restraints. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth, this matter is **DISMISSED** for lack of jurisdiction.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

For purposes of this Opinion, it is sufficient to note the following: <u>First</u>, that Plaintiff is a New Jersey resident; Defendants Urban Trust Bank and Urban Trust Holdings (hereinafter, collectively "Urban Trust" or simply "Defendant") are Florida corporations. <u>Second</u>, that this matter concerns a dispute over the terms of a loan used to finance Plaintiff's purchase of real property located in Montgomery, Texas (the "Texas Property"). <u>Third</u>, that Plaintiff asserts that under the terms of that loan, he is required to

---

[1] Plaintiff is an attorney barred in the State of New Jersey who practices law using the name Bobby Kasolas.

1

make fixed monthly payments of approximately $1,269.87, with $1,079.19 of each payment going towards principal[2] and interest and $190.68 of each payment going to an escrow account to secure payment of certain taxes and insurance for the Texas Property (the "Escrow Account"). Fourth, that since at least January 1, 2010, Plaintiff has been making this monthly payment to Defendant Urban Trust. (*See* Kasolos Cert., Ex. H.) Fifth, that on April 25, 2013, Defendant informed Plaintiff that the Escrow Account was underfunded by $17,521.62, and that in order to cover this deficiency, as of June 1, 2013, Plaintiff would be required to make monthly loan payments of $3,063.23 – as opposed to $1,266.54 – for the next twelve months. (*See* Kasolos Cert., Ex. I.) There is, however, no indication that Defendant has attempted to default Plaintiff's loan or repossess his property.

In response, Plaintiff filed the present Order to Show Cause, seeking, among other things, an order which: (1) requires Defendant to continue to accept monthly payments in the amount of $1,266.54 without defaulting plaintiff's loan or demanding additional payment; (2) enjoins Defendant from making any reports which will negatively affect Plaintiff's credit; and (3) enjoins Defendant from initiating any litigation or foreclosure action against Plaintiff in the State of Texas.

Plaintiff asserts that this Court has subject matter jurisdiction on the basis of both diversity and federal question jurisdiction. However, because subject matter jurisdiction is non-waivable, this Court has an independent obligation to satisfy itself of jurisdiction if

---

[2] The total outstanding principal due on the loan appears to be approximately $136,993.56. (*See* Kasolos Cert., Ex. I.)

it is in doubt and may raise subject-matter jurisdiction concerns *sua sponte*. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

## II. ANALYSIS

### A. Federal Question Jurisdiction

Plaintiff first asserts that this Court has subject matter jurisdiction over this matter on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," because this action is being brought under the Real Estate Settlement Procedures Act ("RESPA), 12 U.S.C. §§ 2601, *et seq.*[3] More specifically, in Counts One and Two of Plaintiff's pleading, he asserts that Defendant's actions violated § 2609 of RESPA, which, generally speaking, sets forth certain accounting and notice requirements for a loan servicer who has established an escrow account for a property purchased with a federally related mortgage loan to assure the payment of taxes and insurance premiums for that mortgaged property. *See* 12 U.S.C. § 2609.

However, after a thorough analysis of the relevant case law, the Court finds that RESPA does not create a private federal cause of action for violations of § 2609. And while there is admittedly no definitive decision from the Third Circuit or District of New

---

[3] Plaintiff also asserts that this Court has federal question jurisdiction based on the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. However, use of the DJA is limited to cases which would otherwise be within the jurisdiction of the federal courts; the mere fact that a declaratory judgment is being sought is not, of itself, ground for federal jurisdiction. *Ragoni v.*

Jersey addressing this issue, as explained by the Middle District of Pennsylvania in

*Sarsfield v. Citimortgage, Inc.*, 667 F. Supp. 2d 461 (M.D. Pa. 2009):

> a majority of circuits have determined that there is no private right of action for violations of § 2609. *See Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357 (11th Cir.2006) (no private right of action under § 2609 of RESPA); *Louisiana v. Litton Mort. Co.*, 50 F.3d 1298 (5th Cir.1995) (same); *Allison v. Liberty Sav.*, 695 F.2d 1086 (7th Cir.1982) (same); *but see Vega v. First Fed. Sav. & Loan Ass'n*, 622 F.2d 918 (6th Cir.1980) (finding that RESPA creates a private right of action for violation of § 2609 notwithstanding the absence of an express provision). Although the Sixth Circuit has concluded that an implied private right of action exists for violations of § 2609, this court is not convinced that the structure of the statute supports this reasoning. . . . Thus, to the extent that Plaintiffs are indirectly asserting a claim for a violation of § 2609, their cause of action fails as a matter of law.

*Sarsfield* at 467. *See also McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578,

(E.D.N.Y. 2005):

> In addition to the well-reasoned opinions of the Fifth and Seventh Circuits in *Litton* and *Allison*, RESPA is clear on its face when it comes to private remedies. RESPA specifically provides for a three year statute of limitations in any action brought in federal court for a violation of §§ 2605, 2607, and 2608. 12 U.S.C. § 2614. Had Congress intended to create a private right of action under § 2609, that section also would have been included in the statute of limitations section. Moreover, § 2607 and § 2608 of RESPA provides for treble damages and attorneys fees, whereas § 2609 has no such provision with regard to damages. Only administrative enforcement by HUD is contemplated under § 2609.

*McAnaney* at 591. In short, in light of the substantial body of case law suggesting that

there is no private federal cause of action for violations of RESPA § 2609, the Court

finds that Defendant's alleged violation of 12 U.S.C. § 2609 fails to provide a proper

basis for the Court to entertain this matter on the basis of federal question jurisdiction.[4]

---

*United States*, 424 F.2d 261, 264 (3d Cir. 1970).
    [4] It should be noted that there is one case from the Eastern District of Pennsylvania which suggests otherwise. *See Lake v. First Nationwide Bank*, 156 F.R.D. 615, 621-22 (E.D. Pa. 1994)

B.  **Diversity Jurisdiction**

Plaintiff further asserts that this Court has subject matter jurisdiction on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Based on the facts presently before the Court, it is undisputed that Plaintiff is a New Jersey resident and Defendant is a Florida corporation.  However, it does not appear that Plaintiff satisfies the $75,000 amount in controversy requirement.

Plaintiff asserts that the amount in controversy requirement is met because the loan at issue, inclusive or principal is worth more than $75,000.  However, that assertion misstates the amount which is actually in controversy.  In the present matter, Plaintiff primarily seeks a declaration that he is not required to pay $17,521.62 in additional funds for an escrow account related to the Texas Property over the next twelve months.  All the other relief requested by Plaintiff is rooted in that fundamental determination.  Moreover, there is no indication that Defendant has attempted to default Plaintiff's mortgage or

---

("Given that one circuit court of appeals has found that an implied private cause of action does exist under [§ 2609], *see Vega*, 622 F.2d at 925 n. 8, and noting the absence of any guidance on this question by the Supreme Court or the Third Circuit, the Court concludes that the cause of action asserted by the Lakes is a non-frivolous cause of action sufficient to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331.").  That being said, the decision in *Lake* was distinguished one year later in *Herrmann v. Meridian Mortg. Corp.*, 901 F.Supp. 915 (E.D. Pa. 1995) (considering the Lake decision and concluding that *sua sponte* dismissal of plaintiff's pleading was appropriate as § 2609 did not provide a tenable ground for suit in a federal court). Moreover, the *Lake* decision is not binding authority for this Court.

repossess his property, or engaged in any other actions which could otherwise increase the amount in controversy.

Thus it appears that at present, the amount in controversy is $17,521.62 – the difference between the amount in the Texas Property's Escrow Account and the amount Defendant asserts it is owed. *See Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 219 n 8 (D.N.J. 1992) ("the amount in controversy for diversity jurisdiction is measured by the value of the interest sought to be protected by the equitable relief requested." (citing cases)). Accordingly, the Court finds that Plaintiff has failed to allege an amount in controversy sufficient to provide a proper basis for this Court to entertain this matter on the basis of diversity jurisdiction.

## III.  CONCLUSION

In short, because the Court finds that it is without subject matter to hear this matter, Plaintiff's Complaint and Order to Show Cause will be **DISMISSED** for lack of subject matter jurisdiction. An appropriate order follows.

   /s/William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated:  June 25, 2013**